F I L E D
APR 0 8 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| Jennifer Billy<br>4611 Gregory St.<br>Mc Henry, IL 60050<br><br>Plaintiff,<br><br>v.<br><br>Allied International Credit Corporation<br>c/o Lexis Document Services,<br>Registered Agent<br>801 Adlai Stevenson Dr.<br>Springfield, IL. 62703<br><br>Defendant. | CASE NO.: 08 C 50057<br><br>JUDGE: Reinhard<br><br>**COMPLAINT FOR DAMAGES**<br>**UNDER THE FAIR DEBT**<br>**COLLECTION PRACTICES ACT**<br>**AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around October 13, 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

10. During this communication, Plaintiff informed Defendant that Plaintiff had retained an attorney to file bankruptcy.

11. In response to Plaintiff's notice, Defendant stated that unless the debt was satisfied or Plaintiff's bankruptcy was filed by the end of the month, Defendant would "file a judgment" against Plaintiff.

12. Defendant further threatened that once the judgment was filed, Plaintiff would not be able to include the debt in her bankruptcy and that Defendant would place a lien against Plaintiff's house.

13. In response, Plaintiff questioned Defendant's assertions and Defendant replied that Plaintiff's attorney had lied to her about the bankruptcy process.

14. On or around October 15, 2007, Defendant telephoned Plaintiff in an effort to collect the debt.

15. During this communication, Defendant reiterated its threat to file a judgment against Plaintiff if Plaintiff did not settle the debt by the end of the month.

16. Plaintiff again expressed concern about Defendant's threats, and, in response, Defendant abruptly hung up the telephone.

17. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692e in that defendant failed to advise Plaintiff during verbal communications that defendant was attempting to collect a debt and information would be used for that purpose.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:___/s/ Jeffrey S. Hyslip___
    Jeffrey S. Hyslip
    Attorney for Plaintiff
    20 W. Kinzie Street, Suite 1300
    Chicago, IL 60610
    Telephone: 866-339-1156
    Email: jsh@legalhelpers.com